**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11, Subchapter V |
| | ) | |
| ANEAKA UKAH, | ) | Case No. 24-61070-bem |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S STATUS REPORT**

Debtor Ms. Aneaka Ukah ("Debtor"), by and through her undersigned counsel, hereby submits this *Status Report*, respectfully showing the Court as follows:

**Statutory Basis for Report**

1. In a Subchapter V case, the debtor is required to file a status report in advance of the mandatory status conference pursuant to the following Code provision:

> **(c) Report.**—Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization.

11 U.S.C. § 1188. Based on this Code provision, Debtor is providing this Status Report.

2. Debtor is providing the following background facts in order to assist the Court, the U.S. Trustee, the Subchapter V Trustee, creditors, and any other parties in interest with understanding the case and potential avenues for reorganization.

**Procedural Matters**

3. On October 18, 2024, Debtor – *pro se* – filed this bankruptcy case under Subchapter V of Chapter 11 of Title 11 of the U.S. Code.  Undersigned counsel entered an appearance as Debtor's counsel by filing necessary submissions for Ms. Ukah in early November 2024.

1

4. Debtor is currently operating her affairs as a debtor-in-possession. No trustee has been appointed to manage Debtor's assets.

5. Mr. John Whaley has been appointed as the Subchapter V Trustee in this case.

### Debtor's Business

6. Debtor is an individual who resides in the State of Georgia and whose primary business is engaging in transactions, through various entities, in the real estate industry.

7. Like many individuals who work in the real estate industry, Debtor does not typically own real estate in her personal name which is the subject of business transactions, but rather does so through single-purpose entities or limited purpose entities that may buy, sell, lease, renovate, develop, or otherwise engage in commercial real estate transactions.

### Debtor's Financial Issues

8. Debtor was named as a defendant in a multi-party lawsuit in California (the "California Litigation") as a result of a real estate venture in which she was not the individual who had contact with investors, but in which those investors (the "California Plaintiffs") named Debtor and numerous entities affiliated with her (the "Affiliated Entities") as Defendants when issues arose with the venture.

9. The Affiliated Entities are each non-operating businesses at this time, and have been for a number of years. However, Debtor felt compelled to defend them in the California Litigation because the California Plaintiffs asserted claims to seek to pierce the corporate veil of the Affiliated Entities to attempt to hold Debtor liable on an individual basis.

10. The costs and time burdens of the California Litigation grew to the point that Debtor concluded it was more practical to place the Affiliated Entities into Chapter 7 cases to demonstrate to their claimants that those entities had little or no assets, were not operating, and should not be

subjected to ongoing litigation. Debtor caused each of the Affiliated Entities to file Chapter 7 bankruptcy cases in Georgia. Those Affiliated Entities are WSRE Georgia LLC, WSRE Florida LLC, WSRE S. Carolina LLC, Selling N Atlanta LLC, Selling N Charleston LLC, and Selling N Richmond LLC. Each of the Affiliated Entities remains in their respective Chapter 7 cases currently.

11.     Debtor also faced debt resolution issues apart from being named as a party in the California Litigation. Specifically, Debtor had unpaid real property taxes in conjunction with the residence that she co-owns with her husband which is located at 2564 Tucker Mill Road, SW, Conyers, Georgia ("Debtor's Residence"), had a partially paid Judgment against her from a real estate venture, and had a lawsuit pending for the collection of legal fees by a law firm that had represented Debtor in litigation.

12.     With regard to the unpaid real property taxes connected to Debtor's Residence, Rockdale County had filed a tax lien on that property and subsequently sold the tax lien at a public auction. Debtor is within the twelve (12) month redemption period currently, and intends to redeem Debtor's Residence from the tax lien. The process, however, is not simple because the purchaser of the tax deed on Debtor's Residence bid more than the amount of the taxes (by approximately $300,000), but the County will not release the overbid funds or excess proceeds to Debtor and her husband. If Debtor is unable to resolve that issue with the County shortly, Debtor may file an action to compel turnover of estate property.

13.     Debtor valued Debtor's Residence at $1,100,00.00 in her Schedules of Assets. Debtor has no mortgage loan on that real property. After accounting for whatever debt amount encumbers the property from the tax deed, Debtor has substantial equity in Debtor's Residence.

3

14. This bankruptcy case was filed to preserve substantial equity in Debtor's Residence and to allow Debtor to address the California Litigation, the other claims, and other litigation against her.

**Debtor's Reorganization Efforts / Efforts to Obtain a Consensual Plan**

15. Debtor has been working with legal counsel to formulate a Plan of Reorganization (the "Plan") to propose to creditors. Debtor has formulated the general framework for the Plan and is working on details.

16. Debtor anticipates filing the proposed Plan within 90 days of when this case was filed, which would be not later than January 16, 2025.

17. To the extent that challenges arise in formulating a plan, the Subchapter V Trustee in this case is an experienced Subchapter V Trustee, and Debtor will not hesitate to request his input or assistance in plan formulation.

18. Debtor is also willing to participate in mediation or to consider other alternative dispute resolution processes with any creditors when such processes may help facilitate a consensual plan of reorganization.

WHEREFORE, Debtor respectfully requests that this Court:

a. Consider this *Status Report* and thereafter set such procedures and deadlines as the Court may find appropriate to facilitate formulation and filing of Debtor's plan of reorganization or other reorganization efforts; and

b. Grant Debtor such other and further relief as the Court deems proper and just.

This 5th day of December, 2024.

Respectfully submitted,

ROBL LAW GROUP LLC

*/s/ Michael D. Robl*
By: Michael D. Robl

4

Georgia Bar No. 610905
Maxwell W. Bowen
Georgia Bar No. 719784
*Attorneys for TAMG Realty, Inc.*

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com (e-mail)
max@roblgroup.com (email)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11, Subchapter V |
| | ) | |
| ANEAKA UKAH, | ) | Case No. 24-61070-bem |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I have served the foregoing pleading on all parties who have appeared in the above-captioned case and are registered with the Court's ECF system which sends an electronic link to the registrant to the foregoing pleading, including the United States Trustee and Subchapter V Trustee.

This 5th day of December, 2024.

ROBL LAW GROUP LLC

*/s/ Michael D. Robl*
By:  Michael D. Robl
Georgia Bar No. 610905