# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:                        :      CASE NO. 24-61070-BEM

                            :

ANEAKA UKAH,            :

                            :      CHAPTER 11

DEBTOR.                 :

                            :

                            :

ANDREW BERGMAN, ANDREW BONDARCZUK,    :

EDWARD BONDARCZUK, MATTHEW         :      CONTESTED MATTER

BONDARCZUK, STEVE BONDARCZUK, CAIN     :

HERNANDEZ, JOSHUA MILLER, AARON       :

MULLENIX, CHRISTOPHER NUESA, WILLIAM    :

MARC SALSBERRY, TREVOR SCHMIDT,      :

BRIAN WALTERS, JANE PARK, AARON STOGNER,   :

AND CARLOS ZOLLER,              :

                            :

     Movants,                  :

                            :

vs.                               :

                            :

ANEAKA UKAH,            :

                            :

     Respondent.            :

**MOTION TO EXTEND THE DEADLINE IN WHICH TO FILE A COMPLAINT TO OBJECT TO DISCHARGE AND/OR DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. SECTIONS 523 & 727**

COMES NOW Andrew Bergman, Andrew Bondarczuk, Edward Bondarczuk, Matthew

Bondarczuk, Steve Bondarczuk, Cain Hernandez, Joshua Miller, Aaron Mullenix, Christopher

Nuesa, William Marc Salsberry, Trevor Schmidt, Brian Walters, Jane Park, Aaron Stogner, and

Carlos Zoller  (hereinafter referred to as "Shepherds Investors") and respectfully represent the following:

1.

On October 18, 2024 (the "Petition Date") Aneaka Ukah ("Debtor") filed a voluntary Chapter 11 as an individual under Subchapter V.

2.

In addition to her petition, Debtor filed schedules of her assets, debts, income and expenses and a statement of financial affairs.

3.

The Shepherds Investors were scheduled by Debtor as creditors with a disputed claim. The Shepherds Investors and Shepherds, LLC have timely filed proofs of claims in this case.

4.

Among the assets scheduled by the Debtor are interests in six affiliated debtors which have the following cases pending in this Court:

WSRE Georgia, LLC; Case No. 24-60496-pwb;

WSRE Florida, LLC; Case No. 24-60497-pwb;

WSRE S. Carolina, LLC; Case No. 24-60499-pwb;

Selling N Atlanta, LLC; Case No. 24-61894-bem;

Selling N. Richmond, LLC; Case No. 24-61896-bem; and

Selling N Charleston, LLC; Case No. 24-61897-bem.

5.

The Debtor was the manager of each of the above affiliated debtors. In her capacity as manager of the affiliated debtors, Debtor executed notes totaling at least $2,476,000.

6.

On September 5, 2023, the Shepherds Investors filed a derivative complaint on behalf of creditor Shepherds, LLC, against a number of parties including the Debtor in this case in the California Superior Court, Los Angeles, Case No 21GDCV01353 (the "Superior Court Case").

7.

The gravamen of the derivative complaint in the Superior Court Case is that the Debtor conducted a fraudulent real-estate scam whereby Debtor used fraudulent representations to induce Shepherds, LLC, and its' investors, which include the Shepherds Investors,  to lend money to Debtor through various alter ego companies. Debtor, through those companies, made false promises of repayment, had no intent to repay the monies received and fraudulently and willfully converted claimant's funds for personal use.

8.

In four of the six affiliated cases, the Debtor, in her capacity as manager, has been asked to produce documents by the interim trustees that have yet to be produced, including bank records, accounting records, and records of real estate transactions. The 341 hearings have been continued until these documents are produced.  The Shepherds Investors and Shepherds, LLC need this and additional information to evaluate the efficacy and basis of filing a complaint objecting to Debtor's discharge under Section 727 and/or a complaint seeking a determination as to the dischargeability of the Debtor's obligations pursuant to 11 U.S.C. Section 523.

9.

3

Without additional information, the Shepherds Investors are unable to complete a review of the Debtor's income and financial transactions. Until the Shepherds Investors can complete their investigation, they will not be in a position to determine the efficacy of and the potential grounds for filing a complaint objecting to the discharge pursuant to 11 U.S.C. Section 727 and/or a complaint pursuant to 11 U.S.C. Section 523. Consequently, cause exists to grant this motion.

10.

The Shepherds Investors request an extension of the deadline within which the Shepherds Investors or Shepherds, LLC must file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. Section 727 and/or a complaint seeking a determination as to the dischargeability under section 523 for 60 days until March 18, 2025.

11.

The Debtor by and through her Attorney, consents to the entry of an order extending the deadlines until and including March 18, 2025.

WHEREFORE, Movants pray:

(a) That the Court enter an Order extending the deadline within which Shepherds Investors and/or Shepherds, LLC may file a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. Section 727 and/or seeking a determination as to the dischargeablility of the Debtor's obligations to the Shepherds Investors and/or Shepherds. LLC pursuant to 11 U.S.C. Section 523, through and including March 18, 2025; and

4

(b) That the Court grant such other relief as is just and proper.

Respectfully submitted,

This 17th day of January 2025

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.

By: _/s/ Gregory D. Ellis_____
Gregory D. Ellis
Georgia Bar No. 245310
GEllis@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, Georgia 30328
(404) 262-7373

5

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Extend the Deadline in Which to File a Complaint to Object to Discharge and/or Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. Sections 523 & 727* using the Bankruptcy Court's Electronic Case Filing program,  which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

I further certify that on this day I caused a copy of the foregoing to be served via United States First Class Mail, with adequate postage affixed thereto to the following party set forth below, at the address shown:

> Aneaka Ukah
> 2564 Tucker Mill Rd,
> Conyers, GA 30094

Dated: January 17, 2025

/s/      *Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com

6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA  30328
(404) 262-7373

6