UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **In Re:**<br><br>**ANEAKA UKAH,**<br><br>**Debtor.** | **CASE NO. 24-61070-BEM**<br><br>**CHAPTER 11**<br><br>**SUBCHAPTER V** |

**AVERY AND MIA FRANCIS' MOTION FOR**
**RULE 2004 EXAMINATION OF DEBTOR ANEAKA UKAH**

Avery and Mia Francis ("the "**Creditors**") files this Motion (the "**Motion**") for an Order authorizing the examination of and production of documents by Aneaka Ukah (the "**Debtor**") pursuant to Federal Rule of Bankruptcy Procedure 2004 ("**Rule 2004**"), respectfully showing the Court as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Creditors are creditors in this case based on the Debtor's breach of contract, unjust enrichment, fraud, and negligent misrepresentation (the "**Claims**") set forth in detail in the complaint filed by the Creditors against the Debtor and Wholesale Real Estate, LLC in the Superior Court of Paulding County, State of Georgia, civil action file no. 21-CV-001600-P3 (the "**State Court Action**").

4. The Debtor failed to respond to the complaint filed in the State Court Action, resulting in the entry of a default judgment. The Debtor filed this voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 18, 2024.

5. The Creditors seek to examine the Debtor regarding the Debtor's assets, transfers, financial condition, and for all other purposes that are proper and under Rule 2004, and requests

entry of an order substantially in the form of the order attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing the examination requested herein.

6. Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004(b) states that the examination may relate to, among other things, "the acts, conduct, or follows: property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

7. The scope of a Rule 2004 examination is "unfettered and broad," as the wording of the rule indicates. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). The scope of a Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See, e.g.*, *In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). The well-settled scope of discovery conducted under Rule 2004 is so fundamental to the bankruptcy process and permissibly broad that courts have gone so far as to use with approval words and phrases such as "fishing expedition," "exploratory and groping," and "inquisition." *See, e.g., In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D. N.J. 1998); *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984).

8. The Advisory Committee's Note to Rule 2004 provides, in pertinent part, that the Motion may be heard *ex parte* or may be heard on notice. Notably, Rule 2004 does not require notice or a hearing for such a motion to be granted.

9. The Debtor, upon information and belief, has information related to the Claims and information regarding matters necessary for the administration of this estate.

## CONCLUSION

WHEREFORE, the Creditors respectfully request that this Court:

a) Enter an order substantially in the form of the Proposed Order attached hereto as **Exhibit A**;

b) Order the Debtor to produce the documents set forth in **Exhibit B** hereto no later than **May 12, 2025;**

c) Order the Debtor to appear for an examination at a time and place to be agreed upon by the parties or as set forth in a further order of the Court; and

d) Grant such other and further relief as the Court deems just and proper.

Dated: April 24, 2025

Respectfully submitted,

**KECK LEGAL, LLC**

*/s/ Maysen E. Moorehead*
Benjamin R. Keck, Ga. Bar No. 943504
Maysen E. Moorehead, Ga. Bar No. 451298
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
(470) 826-6020
bkeck@kecklegal.com
mmoorehead@kecklegal.com
*Counsel for the Creditors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **In Re:**<br><br>**ANEAKA UKAH,**<br><br>**Debtor.** | **CASE NO. 24-61070-BEM**<br><br>**CHAPTER 11**<br><br>**SUBCHAPTER V** |

**ORDER GRANTING**
**AVERY AND MIA FRANCIS' MOTION FOR**
**RULE 2004 EXAMINATION OF DEBTOR ANEAKA UKAH**

This matter is before the Court on the Motion of Avery and Mia Francis for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 to take discovery and conduct an examination of the Debtor (the "**Motion**"). Upon consideration of the Motion and all other matters of record,

It is hereby **ORDERED** as follows:

1. The Motion is GRANTED.

2. The Debtor shall produce the documents set forth in **Exhibit B** to the Motion no later than **May 12, 2025.**

3. The Debtor shall appear for an examination at a time and place to be agreed upon by the parties or as set forth in a further order of the Court.

4. This Order shall be effective immediately upon entry.

5. The Court shall retain jurisdiction over all matters related to the interpretation or enforcement of this Order.

**### END OF ORDER ###**

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Maysen E. Moorehead*
Benjamin R. Keck, Ga. Bar No. 943504
Maysen E. Morehead, Ga. Bar No. 451298
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
(470) 826-6020
bkeck@kecklegal.com
mmoorehead@kecklegal.com
*Counsel for the Creditors*

**Distribution List**

Michael D. Robl
3754 Lavista Road, Suite 250
Tucker, GA 30084

Alan Hinderleider
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

## Exhibit B

## Document Requests

### Definitions

**"Bankruptcy Case"** means *In re Aneaka Ukah*, Case No. 24-61070-bem currently pending in the United State Bankruptcy Court for the Northern District of Georgia.

"**Communication**" shall be construed broadly and means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes memoranda, correspondence, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, phone logs, call logs, message logs, and notes and memoranda of, or referring or relating to, written or oral Communications. A Communication is responsive for purposes of these Interrogatories and Requests regardless of the sender and recipients of the Communication.

"**Companies**" means all companies in which you hold or have held an ownership interest in the past four years, including without limitation Wholesale Real Estate, LLC.

"**Creditors**" means Avery and Mia Francis.

"**Debtor**" and "**You/Your**" means without limitation to Aneaka Ukah, Debtor in the Bankruptcy Case, and Debtor's representatives, predecessors, successors, parents, subsidiaries, affiliates, divisions, executors, administrators, successors-in-interest, assigns, agents, attorneys, employees, consultants, and anyone else currently or formerly acting or purport to act on its behalf for any purpose whatsoever, whether pre-petition or post-petition.

"**Document**" means any handwritten, typewritten, printed, recorded, transcribed, photocopy, film, computer generated, electronically recorded, or on computer disk, or otherwise prepared, produced or reproduced item, which is in or has been in the possession of the deponent or in its possession, custody or control, or of which the deponent has notice, knowledge or information, including, but not limited to all papers, letters, correspondence, stenographic or handwritten notes, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, application rosters, licenses, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, applications, rosters, licenses, memoranda or minutes of meetings or conversations (personal or telephonic), books, records, notices, computer tapes, computer disks, records (including, but not limited to computer cards, computer printouts and computer records on tape or otherwise stored in a computer memory bank, whether or not presently tangible, but which can be made tangible), summaries, studies, surveys, calculations, analyses, instructions, schedules, exhibits, confirmations of understandings reduced to writings, and other times in which information can be obtained or translated or transcribed, if necessary, and all other writings and papers of every description whatsoever.

"**State Court Action**" means the action pending in the Superior Court of Paulding County of the State of Georgia, styled Avery Francis and Mia Francis v. Wholesale Real Estate, LLC, and Aneaka English, civil action file no. 21-CV-001600-P3.

You are hereby requested to produce for inspection and copying the following:

**REQUESTS:**

1. All account statements for any account held by You with any bank or financial institution reflecting any transactions between January 1, 2020 and the present.

2. Copies of Your state and federal tax returns with supporting schedules for the years 2022, 2023, and 2024 and any notices of liens, and notices of levies, any offers in compromise, and all evidence related to the foregoing.

3. Copies of the Companies' state and federal tax returns with supporting schedules for the years 2020, 2021, 2022, 2023, and 2024, and any notices of liens, and notices of levies, any offers in compromise, and all evidence related to the foregoing.

4. All account statements for any account held by You with any bank or financial institution reflecting any transactions between January 1, 2020, and the present.

5. All account statements for any account held by any of the Companies with any bank or financial institution reflecting any transactions between January 1, 2020, and the present.

6. All Documents which evidence, show, or reflect all transfers, sales, or disposal of assets exceeding $5,000.00 from January 2020, to present.

7. All Documents which evidence the creation, funding, or transfer of any assets to trusts, businesses, or third parties from January 2020, to present.

8. All Documents which evidence, show, or reflect all property, real and personal, owned by You during the period beginning January 1, 2020, through the present.

9. All Documents which evidence, show, or reflect all property, real and personal, owned by the Companies during the period beginning January 1, 2020, and the present.

10. All Documents reflecting the receipt of income, gifts, or loans from family members, friends, or third parties from January 2020, to present.

11. All Documents and Communications relating to the value of any and all of Your assets, including without limitation all related appraisals, valuations, supporting documents, and revenue or income derived from such assets.

12. All financial records related to any of the Companies from January 1, 2020, through the present including:

a. Federal and state income tax returns;

b. Bank statements;

c. Loan documents;

d. Credit card statements;

e. Profit and loss (P&L) statements;

f. Balance sheets;

g. Invoices;

h. Contracts;

i. Lease agreements;

j. Employee personnel files; and

k. Receipts.

13. All of the Companies' audited or unaudited monthly, quarterly, and/or annual financial statements, including but not limited to profit and loss statements, balance sheets, and income and cash flow statements, prepared by or for You, reflecting any period between January 1, 2020, and the present.

14. Copies of all of Your financial records prepared in the regular course of business operations or practices of any person, firm, corporation, association, or other public or private entity associated with You from January 1, 2020, through the present.

15. All Documents and Communications demonstrating, evidencing, and/or related to any transfers of any property from any of the Companies to You, including without limitation all pay stubs, receipts, checks, wire transfer confirmations, bank statements, invoices, and/or emails between January 1, 2020, and the present.

16. All Documents and Communications evidencing, reflecting, or relating to any transfer of any property from any of the Companies (or any third party on any of the Companies' behalf) to any third party on behalf of You and/or any member of Your family between January 1, 2020, and the present.

17. All Documents and Communications evidencing, reflecting, or relating to any subsequent transfer of any property, or any products or proceeds thereof, from You to any other person or entity and/or to any subsequent transferee from that person or entity between January 1, 2020, and the present.

18. All Documents and Communications related to any payment for any work You performed for any of the Companies, including without limitation all invoices, statements, receipts, checks, and bank statements.

19. All Documents and Communications evidencing, reflecting, or related to Your authority, efforts, and/or involvement as a director and/or officer of any of the Companies.

20. All Documents and Communications related to the value of any and all of the Companies' assets, inventory, and equipment including without limitation all related appraisals, valuations, supporting documents, and revenue or income derived from such assets.

21. All Documents related to the formation, incorporation, or dissolution of any of the Companies, including without limitation articles of incorporation, articles of organization, bylaws, operating agreements, partnership agreements and articles of dissolution.

22. All Documents and Communications related to the transfer of any ownership interest(s) in any of the Companies, including without limitation any Documents and Communications related to any transfer of your interests in Professional Consulting Technologies, LLC.

23. All Documents and Communications evidencing, reflecting, or relating to Your or the Companies' solvency or insolvency and/or their ability (or lack thereof) to pay their debts in a timely manner (including without limitation the possibility that You or any of the Companies might file for bankruptcy protection and/or go out of business).

24. All Communications related to any amounts owed to the Creditors.

25. All Documents and Communications related your dispute with Ms. Francis and the State Court Action that You have provided to, received from, and/or exchanged with any third party from January 1, 2020, and the present.

26. All Documents reflecting the reduced payment Your Company received from its business with the Creditors.

27. All Documents and bank statements of Your Company's account with Chase Bank and proof of the account's closure due to fraud.

28. All Documents and Communications requested by any person in the State Court Action.

29. All Documents and Communications related to You and Your Company's billing practices with the federal government.

**[END OF DOCUMENT]**

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2025, I filed the foregoing pleading via the Court's CM/ECF system, which generates an electronic service copy thereof and delivers it to all parties registered to receive notices thereby, as well as on the Debtor's counsel by first class mail, addressed as follows:

Michael D. Robl
Robl Law Group, LLC
3754 Lavista Road, Suite 250
Tucker, GA 30084

**KECK LEGAL, LLC**
*/s/ Maysen E. Moorehead*
Benjamin R. Keck, Ga. Bar No. 943504
Maysen E. Moorehead, Ga. Bar No. 451298
2801 Buford Highway NE, Suite 115
Atlanta, GA 30329
(470) 826-6020
bkeck@kecklegal.com
mmoorehead@kecklegal.com
*Counsel for the Creditors*