UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CASE NO: 24-61070-BEM
:
ANEAKA UKAH, : CHAPTER 7
:
Debtor. :
:

**TRUSTEE'S MOTION TO EXTEND DEADLINE FOR TRUSTEE AND UNITED STATES
TRUSTEE TO OBJECT TO DEBTOR'S DISCHARGE**

COMES NOW Michael J. Bargar, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Aneaka Ukah ("**Debtor**"), and under Fed. R. Bankr. P. 4004(b) respectfully applies for an extension of time for the filing of a complaint objecting to Debtor's discharge (the "**Motion**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

**Background Facts**

*a. General Background*

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 11 (Subchapter V) of Title 11 of the United States Code (the "**Bankruptcy Code**") on October 18, 2024 (the "**Petition Date**"). By Consent Order [Doc. No. 91] entered on July 18, 2025, the Case was converted to Chapter 7.

3. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4. The deadline for Trustee and the United States Trustee to file a complaint objecting to Debtor's discharge is October 19, 2025 (the "**Discharge Deadline**"), so this Motion is timely filed. *See* Fed. R. Bankr. P. 4004(b)(1).

### b. Available Assets

5. At the commencement of the Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a).  Trustee is the sole representative of the Bankruptcy Estate.  11 U.S.C. § 323(a).

6. On November 1, 2024, Debtor filed her schedules of assets and liabilities [Doc. No. 18] (the "**Schedules**") together with his Statement of Financial Affairs (the "**SOFA**").

7. On Debtor's Schedule A/B, Debtor indicated she owned the Property jointly with another and that the value of the Property was $1,100,000.00. On her Schedule C: The Property You Claim as Exempt, Debtor scheduled an exemption in the Property in the amount of $21,500.00 under O.C.G.A. § 44-13-100(a)(1). On her Schedule D, Debtor lists "Rockdale County Tax Commission" in the amount of $350,000.00 secured by the Property and indicates "Sherrif's Tax Deed".

8. Based on Trustee's review, a tax sale foreclosure occurred on September 3, 2024, but the right of redemption has not been foreclosed.

9. Trustee is investigating a possible recovery from the Property and other assets owned by Debtor and thus the Bankruptcy Estate.  Debtor's business holdings and transactions are relatively complicated, and Trustee's investigation regarding these transactions continues.

**Relief Requested and Basis for Same**

10.    Trustee moves to extend the Discharge Deadline for Trustee and the United States Trustee for an additional 90 days, through and including January 17, 2026.

11.    Rule 4004(b)(1) of the Federal Rules of Bankruptcy Procedure provides that "[o]n a motion *of any party in interest*, after notice and hearing, the court may *for cause* extend the time to object to discharge."  Fed. R. Bankr. P. 4004(b)(1) (emphasis added).

12.    Here, Trustee is a party in interest.  And, given Debtor's financial transactions and the complication of determining the consequences and results of those transactions, cause exists to extend the Discharge Deadline.

WHEREFORE, Trustee prays that the Discharge Deadline for Trustee and United States Trustee to file a complaint objecting to Debtor's discharge be extended for 90 days, through and including January17, 2026, and that the Court grant Trustee such other and further relief as may be just and proper.

Respectfully submitted this 15th day of October, 2025.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*


By:    */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

3

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Trustee's Motion to Extend Deadline for Trustee and United States Trustee to Object to Debtor's Discharge* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

This is to further certify that I have this day served the *Trustee's Motion to Extend Deadline for Trustee and United States Trustee to Object to Debtor's Discharge* by first class, United States mail, with postage prepaid fully thereon, to the following parties:


Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Aneaka Ukah
2564 Tucker Mill Rd.
Conyers, GA 30094

Michael D. Robl
Maxwell William Bowen
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084


This 15th day of October, 2025.

By: */s/ Michael J. Bargar*
Michael J. Bargar
Ga. Bar No. 645709

1