**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>**ANEAKA UKAH,**<br><br>    Debtor.<br><br>―――――――――――――<br><br>**MIA FRANCIS and AVERY FRANCIS,**<br><br>    Plaintiffs,<br><br>v.<br><br>**ANEAKA UKAH,**<br><br>    Defendant. | **Chapter 7**<br><br>**Case No. 24-61070-BEM**<br><br><br><br>**Adversary Proceeding**<br>**No. _____** |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**
**AND DISCHARGE PURSUANT TO 11 U.S.C. § 523**

Plaintiffs Mia Francis and Avery Francis (the "**Francises**" or the "**Plaintiffs**") hereby files

this Complaint against Debtor and Defendant Aneaka Ukah[1] ("**Ms. Ukah,**" the "**Debtor**," or the

"**Defendant**") and respectfully shows this Court as follows:

**INTRODUCTION**

1.      Plaintiffs Mia Francis and Avery Francis are a married couple residing in Georgia.

In 2020, the Plaintiffs were introduced to Defendant Aneaka Ukah, also known as Aneaka English,

through personal connections.

---

[1] Defendant Aneka Ukah is also known as Aneaka English and the Judgment (defined below) refers to her as Aneka English.

-1-

2.      Shortly after being introduced to the Debtor, and based on the Debtor's representations that she was a real estate investor with access to specific real estate opportunities, the Plaintiffs provided funds to the Debtor for two purported real estate investments. The Debtor represented that these investments were low risk, tied to identified properties, and subject to short repayment timelines.

3.      The Plaintiffs were the latest in a string of individuals who had lost money in similar transactions.  Upon information and belief, the Debtor has engaged in similar conduct with other investors over a period of years. In each instance, the Debtor held herself out as a real estate investor or intermediary, induced individuals to provide funds to her, entities with which she was associated or controlled, or individuals with whom she was associated, based on representations that the funds would be used for specific real estate transactions. In each instance, the Debtor thereafter failed to acquire the identified properties or return the funds.

4.      This pattern is consistent with the conduct alleged herein and further demonstrates that the Debtor's representations to the Plaintiffs were not the result of mistake, negligence, or unforeseen business failure, but were part of a deliberate course of conduct intended to obtain and retain the Plaintiffs' funds.

5.      Unfortunately, the Debtor never intended to use the Plaintiffs' funds for the stated purposes and never intended to repay the funds. Instead, the Debtor engaged in a course of intentional deception designed to obtain and retain the Plaintiffs' money.

6.      In 2023, the Plaintiffs obtained a final order and judgment against the Debtor in the Superior Court of Paulding County, Georgia, in Civil Action No. 21-CV-001600-P3 (the

"**Judgment**"), in the amount of $89,743.35, plus interest. The Judgment was entered as a result of the Debtor's fraud and intentional misrepresentations.

7.      A true and accurate copy of the complaint filed in Paulding County Superior Court (the "**Paulding Complaint**") is attached hereto as **Exhibit A.**  A true and accurate copy of the Judgment is attached hereto as **Exhibit B.**

8.      Based on these allegations, the further allegations set forth herein, and the evidence to be presented at trial, the Plaintiffs seek a determination that the debt owed to them is nondischargeable pursuant to 11 U.S.C. § 523(a).

### PARTIES, JURISDICTION, AND VENUE

9.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J), as a proceeding (i) to determine the dischargeability of the debts owed to Plaintiffs.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

10.      Venue is proper pursuant to 28 U.S.C. § 1409, as this is an adversary proceeding arising in and related to the Debtor's Chapter 7 Case No. 24-61070 (the "**Bankruptcy Case**"), which is pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (this "**Court**").  This proceeding is initiated pursuant to Federal Rules of Bankruptcy Procedure 7001(4) and 7001(6).

11.      On October 18, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 subchapter V of the Bankruptcy Code (the "**Petition**"), thereby commencing the Bankruptcy Case. This case was later converted to Chapter 7 on July 18, 2025 [Doc. 91].  Thus, Defendant has subjected herself to the jurisdiction of this Court.

12.     Upon information and belief, the Defendant Aneaka Ukah resides at 2564 Tucker Mill Rd. SW, Conyers, GA 30094 and may be served there via First Class Mail. The attorney for the Defendant may be served at the following address: Michael D. Robl, Robl Law Group, LLC, 3754 Lavista Road, Suite 250, Tucker, GA 30084.

13.     The Plaintiffs' deadline to object to the dischargeability of the debt and to Defendant's discharge in the Bankruptcy Case extends through and includes January 15, 2026; therefore, this Complaint is timely.

### FACTUAL BACKGROUND

14.     In 2020 the Plaintiffs and the Debtor were introduced through a mutual connection.

15.     Because the Plaintiffs trusted this mutual connection, they believed the Debtor was someone whom they could trust.

16.     On or around November 2020, the Debtor contacted the Plaintiffs and offered them an investment opportunity.

17.     The Debtor represented herself as a real estate professional with access to specific real estate opportunities for investors.

18.     The Debtor offered the Plaintiffs the opportunity to invest in two specific parcels of real estate.

19.     Each transaction was described in a separate contract, and the Plaintiffs signed two separate contracts, one for each property.

20.     The Debtor described these transactions as low-risk investment opportunities because the terms included a short payback period.

### THE INVESTMENTS

21.      On November 17, 2020, the Debtor, through her company WholeSale Lending Georgia, LLC ("**WSLG**") and the Plaintiffs entered into a contract for investment in the real property more commonly known as 906 White Street SW, Atlanta, Georgia, 30310 (the "**White Street Contract**").

22.      A true and correct copy of the White Street Contract is attached to the Paulding Complaint as Exhibit "B".

23.      The White Street Contract stated that the Plaintiffs would pay WSLG a "Capital Contribution" of $55,000.

24.      The White Street Contract stated that funds loaned by the Debtor would used to "acquire, redevelop, lease and/or sell the 906 White St SW Atlanta, GA 30310."

25.      The White Street Contract further set out that the Plaintiffs funds would be repaid "[a]t the time of Sale of 906 White St SW Atlanta, GA 30310 or within 90 days," and listed the "Estimated Resale Time" as 3 months.

26.      The Francises provided the Capital Contribution of $55,000.00 as set out in the White Street Contract.

27.      A diligent search of the Fulton County, Georgia real estate records reflects that at no time in 2020 or 2021 was the property that was the subject of the White Street Contract sold.

28.      Tax records show that the two most recent transfers of 906 White Street were in 2008 and 2025.

29.      The Debtor did not use the funds provided by the Plaintiffs to make any sort of investment related to 906 White Street.

30.     On January 6, 2021, the Debtor, through WSLG, and the Plaintiffs entered into a contract for investment in the real property more commonly known as 1563 Westwood Avenue SW, Atlanta, Georgia, 30310 (the "**Westwood Ave Contract**").

31.     The contract for 1563 Westwood Ave, dated January 6, 2021, stated that the loan would be repaid "[a]t the time of Sale of 1563 Westwood Ave SW Atlanta GA 30310 or within 15 days," and listed the "Estimated Resale Time" as 15 days.

32.     The Francises provided the Capital Contribution of $10,000 as set out in the Westwood Ave Contract.

33.     A diligent search of the Fulton County, Georgia real estate records reflects that at no time in 2020 or 2021 was 1563 Westwood Ave sold.

34.     Tax records show a transfer in May of 2022 from the Estate of Barbara Abayoomi to Barrell, LLC.

35.     The records of Fulton County further show that Barbara Abayoomi had owned 1563 Westwood Ave since 1987.

36.     The Debtor did not use the funds provided by the Plaintiffs to make any sort of investment related to 1563 Westwood Avenue.

37.     In both cases the Debtor expressly represented to the Plaintiffs that their funds would be used to purchase or otherwise invest in the specified properties.

38.     In both cases the Debtor stated that the properties would be acquired or otherwise invested in promptly after funds were provided.

39.     The Plaintiffs did not agree to have their funds used for any purpose other than the investment in the two properties identified in the White Street Contract and the Westwood Ave Contract.

40.     The Debtor never acquired, redeveloped, leased and/or sold either property identified in the White Street Contract and the Westwood Ave Contract.

41.     The Plaintiffs are not sophisticated investors.  They are an average working-class couple who were looking to make safe, low risk investments.

42.     These representations were material to Plaintiffs' decision to invest with the Debtor.

43.     The Debtor made these representations to induce the Plaintiffs to part with their money.

44.     The Debtor misappropriated the Plaintiffs' funds for purposes unrelated to the purchase of these properties without the Plaintiffs' knowledge or consent.

45.     As early as February 3, 2021, the Debtor represented to the Plaintiffs that the return of their investment was available.

46.     The Debtor made multiple representations that the Plaintiffs' money was available.

47.     In 2021 the Plaintiffs obtained counsel to assist them in getting their funds back.

48.     On May 19, 2021, counsel for the Plaintiffs wrote a letter demanding repayment of the loans.

49.     The loans were not repaid.

-7-

## THE STATE COURT ACTION

50.     A complaint was filed in the Superior Court of Paulding County, Georgia on June 8, 2021 as civil action no. 21-CV-001600-P3 (the "**Paulding County Case**").

51.     On June 6, 2022, an answer to the complaint was filed on behalf of the Debtor along with a motion to open default, which was denied.

52.     On November 3, 2022, an order granting default as to liability only was entered against the Debtor.

53.     On May 10, 2023, the Court held a hearing on the Plaintiffs' motion for contempt and sanctions to determine damages in the state court case.

54.     On May 11, 2023, the Court entered the Judgment in favor of the Plaintiffs in the amount of $89,743.35.

55.     On June 8, 2023, counsel for the Debtor filed a Notice of Appeal related to the Judgment. The Judgment remained in effect.

56.     The Plaintiffs recorded their Writ of Fieri Facias in the Superior Court of Paulding County on June 23, 2023, securing the Judgment.

57.     The Judgment found that the Debtor's "representations to Plaintiffs that [the Debtor] had the ability to refund and promised to refund funds belonging to Plaintiffs were false and Defendants failed to refund any of the Plaintiffs funds as promised."

58.     The Paulding County Superior Court identified several specific actions by the Debtor and stated "[s]uch actions appear to have been in furtherance of the false representations [the Debtor] knowingly made to Plaintiffs done in a deliberate attempt to deceive the Plaintiffs

-8-

into believing their money would be returned when in fact there was no intention on the part of the Defendants to do so."

59.     The Judgment also acknowledges that due to the Debtor's default in the state court case, "every item and paragraph of Plaintiffs' complaint is hereby incorporated herein by this reference as Findings of Fact and Conclusions of Law that collaterally estop [the Debtor] from denying any of the facts or law established herein in an intentional injury by [the Debtor] against Plaintiffs in the amount of damages established by Plaintiffs."

### Misrepresentations Regarding the Return of the Plaintiffs Funds

60.     The Debtor made multiple misrepresentations regarding the return of the Plaintiff's funds in an attempt to dissuade the Plaintiffs from taking legal action to seek return of their funds.

61.     On or about January 4, 2023, the Debtor, through counsel, represented that Plaintiffs' funds were available and would be returned by wire transfer. The purported wire transfer was never successfully completed.

62.     On or about January 12, 2023, the Debtor tendered a paper check to Plaintiffs purporting to refund their funds. The check was not honored.

63.     Thereafter, the Debtor tendered a second paper check, which was likewise not honored.

64.     At the time each of these representations was made, the Debtor knew or should have known that she lacked the ability and intent to refund Plaintiffs' funds. These representations were made for the purpose of delaying Plaintiffs' collection efforts and inducing Plaintiffs to forbear from taking further action to recover their money.

## COUNT I: 11 U.S.C. § 523(a)(2)(A)

65. The Plaintiffs restate and reallege each and every allegation set forth in the preceding paragraphs as if set forth herein.

66. Section 523(a)(2) of the Bankruptcy Code provides a debtor shall not discharge a debt "for money, property, services, . . ., to the extent obtained by – (A) false pretenses, a false representation, or actual fraud . . ." 11 U.S.C. § 523(a)(2).

67. The Debtor knowingly made false representations regarding the investments in the White Street Contract and the Westwood Ave Contract.

68. The Debtor made the false representation with the intent to deceive the Plaintiffs and induce payment

69. The Plaintiffs justifiably relied on the Debtor's false representations.

70. Further, the Debtor engaged in actual fraud in the transactions with the Plaintiffs.

71. As a direct result of the Debtor's false representations and actual fraud the Plaintiffs suffered damages which include the amounts demonstrated in the Judgment as well as any additional costs to be proven at trial.

## COUNT II:11 U.S.C. § 523(a)(4)

72. The Plaintiffs restate and reallege each and every allegation set forth in the preceding paragraphs as if set forth herein.

73. Section 523(a)(4) of the Bankruptcy Code provides that a debtor may not discharge debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

-10-

74.     The Debtor received funds from Plaintiffs for the specific purpose of loans to allow for the acquisition, redevelopment, lease or sale of the properties located at 906 White Street SW Atlanta, Georgia 30310 and l563 Westwood Avenue SW, Atlanta, Georgia 30310.

75.     The real estate records clearly show that these properties were not sold at any time in proximity to when the funds were given to the Debtor.

76.     It is clear that the money paid by the Plaintiffs to the Debtor or WSLG was not used for the specific purpose it was designated for.

77.     The Debtor did not return the funds to the Plaintiffs at their request.

78.     The Debtor appropriated the Plaintiffs' funds to be used for something other than their intended purpose.

79.     The Plaintiffs voluntarily entrusted funds to the Debtor for a limited and specific purpose, and the Debtor thereafter appropriated those funds for uses outside that purpose without Plaintiffs' knowledge or consent.

80.     Such conduct constitutes embezzlement within the meaning of § 523(a)(4).

81.     As a direct result of the Debtor's actions, the Plaintiffs suffered damages which included the amounts demonstrated in the Judgment as well as additional costs to be proven at trial.

### COUNT III: 11 U.S.C. §§ 523(a)(6)

82.     The Plaintiffs restate and reallege each and every allegation set forth in the preceding paragraphs as if set forth herein.

83.     11 U.S.C. § 523(6) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

-11-

. . .
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . .

84. "An injury is 'willful' when the debtor 'commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury.'" *Petegham v. Kohler (In re Kohler)*, 2017 Bankr. LEXIS 690, AP No. 13-02026-jrs (Bankr. N.D. Ga. Mar. 14, 2017) (cit. omitted).

85. "An injury is 'malicious' when the debtor's actions are 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Id.*

86. The Debtor's action to induce the Plaintiffs to make investments with her were intentional.

87. As a direct result of these intentional actions the Plaintiffs suffered substantial injury, including, but not limited to, the loss of their funds.

88. This injury was substantially certain as a result of the Debtor's intentional conduct, and in fact was the goal of the fraud perpetuated by the Debtor.

89. Further, in an attempt to delay, hinder and further defraud the Plaintiffs, the Debtor made several payments purportedly to the Plaintiffs, for which she knew she had no funds.

90. The Debtor's continued issuance of false assurances, failed wire transfers, and dishonored checks demonstrates that the injury to Plaintiffs was not incidental, but was a substantially certain and intended consequence of the Debtor's conduct.

91. Pursuant to 11 U.S.C. § 523(a)(6), the Judgment debt and additional costs to be proven at trial cannot be discharged.

-12-

**COUNT IV: 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6)**
**COLLATERAL ESTOPPEL**

92.     The Plaintiffs restate and reallege each and every allegation set forth in the preceding paragraphs as if set forth herein.

93.     Collateral estoppel applies to dischargeability issues. *Petegham v. Kohler (In re Kohler)*, 2017 Bankr. LEXIS 690, AP No. 13-02026-jrs (Bankr. N.D. Ga., Mar. 14, 2017) (cit. omitted).

94.     The Judgment entered against the Defendant and the record on which it is based establishes liability for a willful and malicious injury. Therefore, the Debtor is precluded from relitigating these issues under the doctrine of collateral estoppel.

95.     In entering the Judgment, the Paulding County Superior Court conducted a hearing at which Plaintiffs testified as to their damages, and the Court received evidence regarding attorneys' fees and costs. The court thereafter entered specific findings of fact and conclusions of law regarding the Debtor's intentional misrepresentations and deliberate efforts to deceive Plaintiffs.

96.     The Debtor is collaterally estopped from contesting the legal conclusion that pursuant to 11 U.S.C. § 523(a)(6), the Judgment debt cannot be discharged.

**WHEREFORE**, Plaintiffs respectfully requests that the Court:

(1)  Determine the debt owed to Plaintiffs is nondischargeable under 11 U.S.C.§523(a)(2)(A), (a)(4), and (a)(6);

(2) Find that all components of the Judgment, including attorneys' fees, costs, and interest recognized therein, are nondischargeable;

(3) Award Plaintiffs costs and attorneys' fees associated with this action as allowed by law;

and

(4) Grant such other relief as the Court deems just and proper.

Dated: January 15, 2026                    Respectfully submitted,

**KECK LEGAL, LLC**

*/s/ Jonathan Clements*
Benjamin R. Keck, Ga. Bar No. 943504
Jonathan Clements, Ga. Bar No. 130051
2801 Buford Hwy NE, Suite 115
Atlanta, GA  30329
(470) 826-6020
bkeck@kecklegal.com
jclements@kecklegal.com
*Counsel for the Plaintiffs*

-14-

**Exhibit A**

**The Paulding Complaint**

⬛ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
PAULDING COUNTY, GEORGIA

**21-CV-001600**
**P3**
**JUN 08, 2021 03:52 PM**

Sheila Butler, Clerk
Paulding County, Georgia

## IN THE SUPERIOR COURT OF PAULDING COUNTY

## STATE OF GEORGIA

AVERY FRANCIS, and MIA FRANCIS,

    Plaintiffs,

v.

WHOLESALE REAL ESTATE, LLC, and
ANEAKA ENGLISH,

    Defendants.

CIVIL ACTION FILE NO.

_____

## COMPLAINT FOR DAMAGES

**COMES NOW, AVERY FRANCIS** and **MIA FRANCIS,** Plaintiffs, and brings this

action against **WHOLESALE REAL ESTATE, LLC** and **ANEAKA ENGLISH,** Defendants,

and respectfully shows to the Court the following:

1.

Plaintiffs Avery Francis (hereinafter referred to as "Plaintiff Avery") and Mia Francis

(hereinafter referred to as "Plaintiff Mia") are residents of the Paulding County, Georgia.

2.

Defendant Wholesale Real Estate, LLC is a limited liability company incorporated under

the laws of the State of Georgia.

3.

Defendant Aneaka English is an individual residing in Rockdale County, Georgia.

## JURISDICTION AND VENUE

4.

In Georgia, venue is constitutional and statutory. See Article VI§ II, ¶ VI of the Georgia Constitution (1983), as amended and O.C.G.A. § 9-10-30.

5.

Defendant Wholesale Real Estate, LLC (hereinafter referred to as "Wholesale" or "Defendant Wholesale") is registered with the Georgia Secretary of State's office and has a registered agent located at 300 Colonial Center Parkway, Suite 100N in Roswell, Georgia 30076. The principal place of business is located at 1526 East Forrest Avenue, Suite 210 in Atlanta, Georgia 30344. This Defendant is subject to the jurisdiction of this Court, and venue is proper herein.

6.

Defendant Aneaka English (hereinafter referred to as "Ms. English") is an individual residing at 2564 Tucker Mill SW in Conyers, Georgia 30094 where she may be personally served. This Defendant is subject to the jurisdiction of this Court, and venue is proper herein.

## FACTS

7.

Plaintiffs are a retired couple seeking investment opportunities in the State of Georgia.

8.

On or around November 2020, Defendant Aneaka English (hereinafter referred to as "Ms. English") contacted Plaintiffs offering an opportunity to finance the purchase of real estate in the State of Georgia. Plaintiffs signed two (2) contracts with Defendant Wholesale with Ms. English acting as representative. Both contracts were represented as a secured real estate contract to

-2-

Plaintiffs. A true and accurate copy of the first contract (referred to herein individually as "Contract 10") is attached to this pleading as **Exhibit "A"**. A true and accurate copy of the second contract (referred to herein as "Contract 55") is attached hereto as **Exhibit "B"**.

9.

Defendant Ms. English informed Plaintiffs via text (SMS Message) on February 3, 2021 that the check was being sent via mail. On more than one occasion, representatives from Defendant Wholesale indicated that the refund was being processed despite no funds being transferred.

10.

As of the date of this filing, Defendant has failed to provide any payment to Plaintiffs of the amounts owed.

11.

Earlier this year, Plaintiffs retained counsel in this area to pursue this debt. Plaintiff's counsel drafted and delivered to Defendant's registered agent and principal place of business a demand letter seeking payment on all amounts owed. A true and correct copy of this letter is attached hereto and identified as "**Exhibit C**"). Despite confirmed delivery of this letter demanding performance, Defendant Wholesale has not paid its debt owed to Plaintiff.

## COUNT 1-BREACH OF CONTRACT

12.

Plaintiff incorporates by reference all previously numbered paragraphs in this Complaint and further alleges:

-3-

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

13.

Plaintiff Avery entered into a contractual agreement to become an investment lender through WholeSale Lending Georgia, LLC. As part of those agreements, Defendant Wholesale was to repay the Contract 10 "At the time of Sale of 1563 Westwood Ave SW Atlanta GA 30310 or within 15 days." Plaintiff Avery states both of these conditions precedent to repayment have occurred.

14.

While Plaintiff Avery performed as the agreement required, to date, the Defendant Wholesale has not made payment and is in breach of the terms of Contract 10.

15.

As a direct and proximate result of Defendant Wholesale's failure to pay Plaintiff Avery, he is entitled to the full amount of the repayment principal provided plus interest at the legal rate per O.C.G.A. § 7-4-2.

## COUNT 2–BREACH OF CONTRACT

16.

Plaintiff Mia incorporates by reference all previously numbered paragraphs in this Complaint and further alleges:

17.

Plaintiff Mia entered into a contractual agreement to become an investment lender through WholeSale Lending Georgia, LLC. As part of those agreements, Defendant Wholesale was to repay the Contract 55 "At the time of Sale of 906 White St SW Atlanta, GA 30310 or within 90 days". Plaintiff Mia states both of these conditions precedent to repayment have occurred.

-4-

18.

While Plaintiff Mia performed as the agreement required, to date, the Defendant Wholesale has not made payment to and is in breach of the terms of Contract 55.

19.

As a direct and proximate result of Defendant Wholesale's failure to pay Plaintiff Mia, Plaintiff Mia is entitled to the full amount of the repayment principal provided plus interest at the legal rate per O.C.G.A. § 7-4-2.

## COUNT 3 – UNJUST ENRICHMENT

20.

Plaintiff incorporates by reference all previously numbered paragraphs in this Complaint and further alleges:

21.

By receiving money from Plaintiffs and failing to repay Plaintiffs, Defendant Wholesale has knowingly benefitted at the expense of the Plaintiffs.

22.

Allowance of Defendant Wholesale to retain the benefit would be unjust under the circumstances.

23.

As a direct and proximate result of Defendant Wholesale's failure to pay Plaintiffs, Plaintiffs have suffered damages in an amount to be proven at trial.

-5-

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

## COUNT 3–BREACH OF FIDUCIARY DUTY

24.

Plaintiffs incorporate by reference all previously numbered paragraphs in this Complaint and further alleges:

25.

Plaintiffs both entrusted monies with Defendant Wholesale and Defendant Ms. English for the purpose of investing into real property. Upon information and belief, Defendant Wholesale and Ms. English had informed Plaintiffs that their money was secured by real property without any such security.

26.

Defendant Wholesale and Defendant Ms. English owed a fiduciary duty to maintain the funds for the investment on behalf of the Plaintiffs. Plaintiffs are unsure at this point if the investment money still even exists or that the investments occurred.

27.

Defendant Wholesale and Defendant Ms. English both owed duties to the Plaintiff's and breached that duty by misappropriating and/or negligently managing these funds.

28.

As a direct and proximate result of Defendant Wholesale and Defendant Ms. English's failure to faithfully discharge their duties, Plaintiffs have suffered damages in an amount to be proven at trial.

-6-

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

## COUNT 5–FRAUD

29.

Plaintiffs incorporate by reference all previously numbered paragraphs in this Complaint and further alleges:

30.

Defendants Wholesale and Defendant Ms. English deliberately deceived the Plaintiffs in each respective transaction in both their descriptions of the nature of the transaction and as to repayment timeframes.

31.

Upon information and belief, both Defendants Wholesale and Defendant Ms. English were aware that the representations made to Plaintiffs were false and were done in a deliberate attempt to deceive the Plaintiffs into believing their money would be returned when in fact there was no intention to do so. Due to the representations of Defendants Wholesale and Defendant Ms. English that the money was processed and was en route, Plaintiffs waited for the return of the money patiently for over 4 months.

32.

Due to the direct actions of Defendants Wholesale and Defendant Ms. English, the Plaintiffs have suffered damages to be determined at trial. Upon information and belief, Defendants have used the money for other transactions in an attempt to benefit from these delays to enrich themselves.

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

## COUNT V: NEGLIGENT MISREPRESENTATION

33.

Plaintiffs incorporate by reference all previously numbered paragraphs in this Complaint and further alleges:

34.

Defendants Wholesale and Defendant Ms. English provided false information to Plaintiffs concerning the nature of the transactions they would be entering into along with false representations concerning repayment.

35.

Due to the nature of the relationships between Plaintiffs and Defendants, Plaintiffs believed that the representations were trustworthy and that the investments were done by competent professionals.

36.

As a direct result of reliance upon the representations of the Defendants, Plaintiffs suffered economic injuries to be determined at trial.

## COUNT 4–ATTORNEY FEES AND EXPENSES OF LITIGATION

37.

Plaintiff incorporates by reference all previously numbered paragraphs in this Complaint and further alleges:

38.

Defendants have acted in bad faith by refusing to pay Plaintiff the amount owed under their agreement, despite multiple efforts by Plaintiffs to achieve the same.

-8-

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

39.

Pursuant to O.C.G.A. § 13-6-11, based on Defendants' bad faith refusal to pay the amounts owed and due to the Defendants causing the unnecessary trouble and expense of litigation, Plaintiff should be awarded its attorney fees and expenses of litigation.

**WHEREFORE,** the Plaintiff requests that this Court enter judgment in its favor and against the Defendant, and award the Plaintiff:

a.   Damages in an amount to be proven at trial;

b.   Pre-judgment and post judgment interest at the maximum rate allowed by law;

c.   Any punitive and special damages as may be proven at trial;

d.   Attorney fees and expenses of litigation; and

e,   That Plaintiff have such other and further relief as this Court deems just and proper under the circumstances.

This 8th day of June ,2021.

SPOONER & ASSOCIATES, P.C.

Matthew C. Dickinson
Georgia Bar No. 537269
Attorney for Plaintiffs

3451 Lawrenceville-Suwanee Rd., Ste. C
Suwanee, GA  30024
Phone (678) 714-1131
Fax (678) 714-5391

Avery Francis and Mia Francis v. Wholesale Real Estate, LLC and Aneaka English
Superior Court of Paulding County, Georgia

DocuSign Envelope ID: 28AC4B82-3ACC-4C5A-A80F-A89160123455

## Loan Position Commitment

 

January 6th, 2021

Re: WholeSale Lending Georgia – 1563 Westwood Ave SW Atlanta GA 30310

Dear Avery Francis

We are pleased that you decided to lend through WholeSale Lending Georgia, LLC whose purpose will be to acquire, redevelop, lease and/or sell the 1563 Westwood Ave SW Atlanta GA 30310. Below is a brief outline of the terms of the loan agreement you have agreed to make to through WholeSale Lending Georgia, LLC. Please note, we require that you execute this Commitment in the presence of a notary public to confirm that you, or your entity, have agreed to enter into and execute all applicable project documents evidencing your loan through WholeSale Lending Georgia, LLC as is more particularly described hereinbelow.

**CAPITAL CONTRIBUTION:** Ten Thousand and 00/100 Dollars ($10,000.00)

**COMMITMENT FEE:** Ten Thousand and 00/100 Dollars ($10,000.00) (This is deducted from the total capital contribution).

**FUNDING DATE:** January 6, 2021

**POINTS:** 4.5

**REPAYMENT PROVISION:** At the time of Sale of 1563 Westwood Ave SW Atlanta GA 30310 or within 15 days

**PROPERTY:** 1563 Westwood Ave SW Atlanta GA 30310

**ESTIMATED RESALE TIME:** 15 Days

**MISCELLANEOUS:** Neither you nor WholeSale Lending Georgia, LLC shall have the right to assign its respective rights under this Commitment, in whole or in part, without the prior written consent of the other party hereto. This Commitment shall be governed by and construed and enforced in accordance with the laws of the State of Georgia. This Commitment may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one fully executed Commitment, and the signature of any party to any counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart.

WholeSale Real Estate, LLC
1526 E Forrest Ave STE                                      Office: 678-585-6591
Atlanta, GA 30344                                              Fax:888-908-0778
                                                        Web:www.wholesalelistings.co

DocuSign Envelope ID: 28AC4B82-3ACC-4C5A-A80F-A89160123455

# Loan Position Commitment

Wiring Instructions
Selling N Richmond
1526 E Forrest Ave
Atlanta GA 30344
Chase Bank
Routing Number: 021000021
Account Number: 352793050


(SIGNATURES ON FOLLOWING PAGE)


WholeSale Real Estate, LLC
1526 E Forrest Ave STE
Atlanta, GA 30344

Office: 678-585-6591
Fax:888-908-0778
Web:www.wholesalelistings.co

DocuSign Envelope ID: 28AC4B82-3ACC-4C5A-A80F-A89100123453

# Loan Position Commitment

IN WITNESS WHEREOF, each of the parties hereto has executed this Commitment as of the date first above written.

Lender: Avery Francis

Signature *Avery Francis*
Name: Avery Francis
Title: Manager

WholeSale Lending Georgia

Signature: *English Ukah*
Name: Engish Ukah
Title: Real Estate Associate

WholeSale Real Estate, LLC
1526 E Forrest Ave STE
Atlanta, GA 30344

Office: 678-585-6591
Fax: 888-908-0778
Web:www.wholesalelistings.co

EXHIBI *B*

# Loan Position Commitment

November 17, 2020

Re: WholeSale Lending Georgia – 906 White St SW Atlanta, GA 30310

Dear _____

We are pleased that you decided to lend to WholeSale Georgia, LLC whose purpose will be to acquire, redevelop, lease and/or sell the 906 White St SW Atlanta, GA 30310. Below is a brief outline of the terms of the loan agreement you have agreed to make to WholeSale Georgia, LLC. Please note, we require that you execute this Commitment in the presence of a notary public to confirm that you, or your entity, have agreed to enter into and execute all applicable project documents evidencing your loan to WholeSale Georgia, LLC as is more particularly described hereinbelow.

**CAPITAL CONTRIBUTION:** Fifty-Five Thousand and 00/100 Dollars ($55,000.00)

**COMMITMENT FEE:** Ten Thousand and 00/100 Dollars ($10,000.00) (This is deducted from the total capital contribution).

**FUNDING DATE:** November 17th, 2020

**POINTS:** 8

**REPAYMENT PROVISION:** At the time of Sale of 906 White St SW Atlanta, GA 30310 or within 90 days

**PROPERTY:** 906 White St SW Atlanta, GA 30310

**ESTIMATED RESALE TIME:** 3 MONTHS

**MISCELLANEOUS:** Neither you nor WholeSale Georgia, LLC shall have the right to assign its respective rights under this Commitment, in whole or in part, without the prior written consent of the other party hereto. This Commitment shall be governed by and construed and enforced in accordance with the laws of the State of Georgia. This Commitment may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one fully executed Commitment, and the signature of any party to any counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart.

(SIGNATURES ON FOLLOWING PAGE)

**Escrow Wiring Instruction**

WholeSale Real Estate, LLC
1526 E Forrest Ave STE
Atlanta, GA 30344

Office: 678-585-6591
Fax: 888-908-0778
Web: www. wholesalelistings.co

## Loan Position Commitment

IN WITNESS WHEREOF, each of the parties hereto has executed this Commitment as of the date first above written.

Lender:

Signature: _Mia X Charis / Avaughti Trance_
Name: _Mia L. Francis / Avaughti M. Francis_
Title: _____

WholeSale Lending Georgia

Signature: _____
Name: _____
Title: _____

Notary.
Received 1 disk

**Deetta Alston
NOTARY PUBLIC
Bartow County, GEORGIA
My Commission Expires 01/18/2023**

WholeSale Real Estate, LLC
1526 E Forrest Ave STE
Atlanta, GA 30344

Office: 678-585-6591
Fax: 888-908-0778
Web: www. wholesalelistings.co

**EXHIBIT** <u>c</u>



## Spooner & Associates, P.C.

**Experienced Georgia Attorneys**

Scott K. Spooner
A Dwight Williams
Matthew C. Dickinson

3451 Lawrenceville Suwanee Road, Suite C
Suwanee, Georgia 30024

Tel: (678) 714-1131
Fax: (678) 714-5391
www.spoonerlaw.com

May 19, 2021

### VIA FEDEX OVERNIGHT & EMAIL

Attn.:   Registered Agents, Inc. *as Registered Agent*
WholeSale Lending Georgia, LLC
300 Colonial Center Parkway
Suite 100N
Roswell, Georgia 30076

RE: Demand for Payment

To whom it may concern,

This letter is being written on behalf of Avery Francis (hereinafter referred to as "Francis") to provide formal demand for repayment of the loan dated November 17, 2020 in the amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00(USD)).

As set forth in the Loan Position Commitment (hereinafter referred to as the "contract"), WholeSale Lending Georgia, LLC was required to pay back the loan either at the time of sale or within ninety (90) days after the sale of the property located at 906 White Street SW in Atlanta, Georgia 30310.

As of the date of this letter the time frame for repayment has passed. As such, my client demands that the repayment provision be honored immediately. WholeSale Lending Georgia, LLC must pay the overdue amount within the next ten (10) days or else I have advised my client to file suit to recover the amounts due along with any other monies owed as a direct consequence of WholeSale Lending Georgia, LLC.'s failure to abide by the contract.

Furthermore, my client reserves the right to obtain attorney's fees pursuant to O.C.G.A. § 13-6-11 and under O.C.G.A. § 9-15-14. Be advised that this offer expires on Friday, May 21, 2021 at 5:00 p.m. (EST).

I trust you will act accordingly,

Matthew Dickinson, Esq.



## Spooner & Associates, P.C.

**Experienced Georgia Attorneys**

Scott K. Spooner
A Dwight Williams
Matthew C. Dickinson

3451 Lawrenceville Suwanee Road, Suite C
Suwanee, Georgia 30024

Tel: (678) 714-1131
Fax: (678) 714-5391
www.spoonerlaw.com

May 19, 2021

## VIA FEDEX OVERNIGHT & EMAIL

Attn.:  Registered Agents, Inc. *as Registered Agent*
WholeSale Lending Georgia, LLC
300 Colonial Center Parkway
Suite 100N
Roswell, Georgia 30076

RE: Demand for Payment

To whom it may concern,

This letter is being written on behalf of Avery Francis (hereinafter referred to as "Francis") to provide formal demand for repayment of the loan dated November 17, 2020 in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00(USD)).

As set forth in the Loan Position Commitment (hereinafter referred to as the "contract"), WholeSale Lending Georgia, LLC was required to pay back the loan either at the time of sale or within fifteen (15) days after the sale of the property located at1563 Westwood Avenue Southwest in Atlanta, Georgia 30310.

As of the date of this letter the time frame for repayment has passed. As such, my client demands that the repayment provision be honored immediately. WholeSale Lending Georgia, LLC must pay the overdue amount within the next ten (10) days or else I have advised my client to file suit to recover the amounts due along with any other monies owed as a direct consequence of WholeSale Lending Georgia, LLC.'s failure to abide by the contract.

Furthermore, my client reserves the right to obtain attorney's fees pursuant to O.C.G.A. § 13-6-11 and under O.C.G.A. § 9-15-14. Be advised that this offer expires on Friday, May 21, 2021 at 5:00 p.m. (EST).

I trust you will act accordingly,

Matthew Dickinson, Esq.

IN THE SUPERIOR COURT OF PAULDING COUNTY

STATE OF GEORGIA

AVERY FRANCIS, and MIA FRANCIS,

    Plaintiffs,

v.

WHOLESALE REAL ESTATE, LLC, and
ANEAKA ENGLISH,

    Defendants.

CIVIL ACTION FILE NO.

_____

### VERIFICATION

Personally appeared before me, the undersigned attesting officer, duly qualified to

administer oaths, **MIA FRANCIS**, who, after being duly sworn, deposes and states on oath that

the information supplied in her COMPLAINT FOR DAMAGES with the attached Exhibits are

true and correct to the best of her knowledge.

Respectfully submitted this __8__ day of ___June___, 2021.

_____
MIA FRANCIS

Sworn to and subscribed before me
this _8_ day of ___June___,2021.

_____
Notary Public
My commission expires:_5/4/25_

HANNAH MARSHA
NOTARY
EXPIRES
GEORGIA
MAY 4, 2025
PUBLIC
PAULDING COUNTY

## IN THE SUPERIOR COURT OF PAULDING COUNTY

### STATE OF GEORGIA

AVERY FRANCIS, and MIA FRANCIS,

    Plaintiffs,

v.

WHOLESALE REAL ESTATE, LLC, and
ANEAKA ENGLISH,

    Defendants.

CIVIL ACTION FILE NO.

_____

### VERIFICATION

Personally appeared before me, the undersigned attesting officer, duly qualified to administer oaths, AVERY FRANCIS, who, after being duly sworn, deposes and states on oath that the information supplied in his COMPLAINT FOR DAMAGES with the attached Exhibits are true and correct to the best of his knowledge.

Respectfully submitted this ___8___ day of ___June___ ,2021.

_____
AVERY FRANCIS

Sworn to and subscrib ed before me
this ___6___ a y of ___June___ , 2 0 2 1.

_____
Notary Public
My commission expires: 5|4|25

**Exhibit B**

**The Judgment**

⊞ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PAULDING COUNTY, GEORGIA

**21-CV-001600-P3**
P3
MAY 11, 2023 02:07 PM

Sheila Butler, Clerk
Paulding County, Georgia

**IN THE SUPERIOR COURT OF PAULDING COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| AVERY FRANCIS and MIA FRANCIS,     ) | |
|            ) | |
|     **Plaintiff,**     ) | |
|            ) | **CIVIL ACTION FILE** |
| vs.     ) | |
|            ) | **NO. 21-CV-001600-P3** |
| WHOLESALE REAL ESTATE, LLC     ) | |
| And ANEAKA ENGLISH,     ) | |
|            ) | |
|     **Defendants.**     ) | |

## FINAL ORDER AND JUDGMENT

On May 10, 2023, the Court held a hearing on Plaintiffs' Motion for Contempt and Sanctions to determine the appropriate amount of damages in the above-styled suit following entry of default judgment as to liability against Defendants on all claims. Given Defendants' default, every item and paragraph of Plaintiffs' complaint is hereby incorporated herein by this reference as Findings of Fact and Conclusions of Law that collaterally estop Wholesale Real Estate, LLC and Aneaka English ("Defendants") from denying any of the facts or law established herein resulting in an intentional injury by Defendants against Plaintiffs in the amount of damages established by Plaintiffs. At the hearing, Plaintiffs testified regarding the facts underlying their claims and the nature and extent of their damages, which established that Defendants' representations to Plaintiffs that they had the ability to refund and promised to refund funds belonging to Plaintiffs were false and Defendants failed to refund any of Plaintiffs' funds as promised. Specifically, although Defendants' counsel had informed Plaintiffs' counsel that funds were available as of January 4, 2023 (subject to clearing the trust account of

Defendants' counsel), he later informed Plaintiffs' counsel that such funds in his trust account from Defendants had failed to clear his bank account and would not be paid. A subsequent physical paper check received from Defendant Aneaka English on January 12, 2023 would not be accepted by Plaintiffs' bank and a second physical paper check from Defendant Aneaka English, which she presumably deposited directly into the trust account of Plaintiffs' counsel, was returned "insufficient funds". Such actions appear to have been in furtherance of the false representations Defendants knowingly made to Plaintiffs done in a deliberate attempt to deceive the Plaintiffs into believing their money would be returned when in fact there was no intention on the part of Defendants to do so. Plaintiffs' counsel presented additional evidence as to attorneys' fees and costs Plaintiffs incurred in pursuing their case through the date of the hearing. Based on the admitted facts and Plaintiffs' testimony, the Court therefore finds an award of punitive damages in the amount of $10,000.00 under Georgia law to be reasonable and proper. Accordingly, after careful consideration of the record, including evidence adduced at the hearing and the admitted allegations of the complaint, it is HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiffs, and against Defendants, jointly and severally, in this Court as follows:

| | |
|---|---|
| Principal Judgment Amount: | $ 55,000.00 |
| Interest to May 10, 2023: | $ 9,470.83 |
| Attorney's Fees to May 10, 2023: | $ 15,272.52 |
| Punitive Damages: | $ 10,000.00 |
| Post-Judgment Interest Rate: | 7 % annum simple interest until paid |

The Clerk is directed to issue a *Writ of Fieri Facias* in the judgment amount instanter.

SO ORDERED this 11ᵗʰ day of May, 2023.

_____
Hon. T. David Lyles
Superior Court of Paulding County, Georgia
Paulding Judicial Circuit

Respectfully submitted by:

TOZZI LAW, LLC

/s/ Douglas H. Tozzi
Douglas H. Tozzi
Georgia Bar No. 715115
Attorney for Plaintiffs

One Decatur Town Center
Suite 200
150 E. Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 422-7018
dht@tozzilaw.com

**CIVIL ACTION FILE NO. 21-CV-1600-P3**

## CERTIFICATE OF SERVICE

COMES NOW, the undersigned does hereby certify that a true and correct copy of the attached FINAL ORDER AND JUDGMENT herein by placing said copy in the U.S. mail in a properly addressed, postage paid, first class, envelope addressed or as noted on the date below:

Via Statutory Electronic Service:

Douglas H. Tozzi, Esq.
dht@tozzilaw.com

Bowman Garrett, Jr., Esq.
bsgjr@mindspring.com

This ___11th___ day of May, 2023.

/s/ Melanie Henley_____
Melanie Henley
Judicial Assistant to
T. David Lyles, Judge
Paulding County Superior Court

Paulding County Justice Center
280 Constitution Blvd., Room 3041
Dallas, Georgia  30132
678-224-4281