**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ANEAKA UKAH, | CASE NO: 24-61070-BEM |
| Debtor. | |
| DEED CO, LLC | |
| Movant, | |
| v. | CONTESTED MATTER |
| ANEAKA UKAH, | |
| Respondent. | |

**DEED CO, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**AS TO REAL PROPERTY AND WAIVER OF THE 30-DAY REQUIREMENT**
**OF 11 U.S.C. § 362(E) OF THE UNITED STATES BANKRUPTCY CODE AND**
**WAIVER OF RULE 4001(a)(4)**

COMES NOW, Deed Co, LLC ("Movant" or "Deed Co"), and for its Motion for Relief from the Automatic Stay as to Real Property and Waiver of the 30-Day Requirement of 11 U.S.C. § 362(e) of the United States Bankruptcy Code (the "Motion"), respectfully shows this Court the following:

**I.    BACKGROUND FACTS**

1.

Debtor Aneaka Ukah ("Debtor") filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code on October 18, 2024 (the "Petition Date"). The case was subsequently converted to Chapter 7 by Consent Order entered July 18, 2025. [Doc. No. 91].

2.

On September 3, 2024 — forty-five (45) days before the Petition Date — the Rockdale

County Tax Commissioner, Tisa Smart-Washington ("Tax Commissioner"), acting in her capacity

as Ex-Officio Sheriff of Rockdale County, conducted a duly noticed and legally advertised tax sale

("Tax Sale") of the real property located at 2564 Tucker Mill Road SW, Conyers, Rockdale

County, Georgia 30094, with Tax ID# 030-0-01-004S (the "Property"), pursuant to a writ of fieri

facias for unpaid 2023 state and county taxes against Warren Ukah and Aneaka Ukah.

3.

Deed Co was the highest bidder at the tax sale, paying the full purchase price of

$350,000.00 in cash at the time of sale. The Tax Commissioner executed a Sheriff's Tax Deed (the

"Tax Deed") in favor of Deed Co conveying the Property, as described in Deed Book 7881, Page

327, Rockdale County, Georgia Records. A true and correct copy of the Tax Deed is attached

hereto as **Exhibit A**.

4.

The Tax Sale vested Deed Co with a defeasible fee interest in the Property, with the prior

owners of record, Warren Ukah and Aneaka Ukah, thereafter retaining only a statutory right of

redemption under O.C.G.A. § 48-4-40. *National Tax Funding, L.P. v. Harpagon Company, LLC*,

277 Ga. 41, 43 (2003); *Land USA, LLC v. Georgia Power Co.*, 297 Ga. 237, 239 (2015).

5.

On September 5, 2025 — more than twelve (12) months after the tax sale, satisfying the

threshold requirement of O.C.G.A. § 48-4-45 — Deed Co initiated proceedings to foreclose the

right of redemption ("barment") by serving written notice on all required parties, including the

Debtor, Warren Ukah, Rockdale County, and all known creditors with interests of record, and by

-2-

causing notice to be published in *The Rockdale Citizen* on September 24, October 1, October 8, and October 15, 2025. A barment affidavit was recorded in Deed Book 8092, Page 156, Rockdale County Records.

6.

On September 30, 2025, Chapter 7 Trustee Michael Bargar ("Trustee") sent a cease-and-desist communication to Deed Co's prior counsel asserting that the right of redemption is property of the bankruptcy estate and that barment efforts constitute violations of the automatic stay, and demanding that all such efforts immediately cease. This was the first notice received by Deed Co of the existence of the Bankruptcy Case. Deed Co immediately ceased all barment efforts upon receipt of this notice.

7.

Deed Co has been carrying the Property since September 3, 2024, incurring carrying costs of at least $69.04 per day, totaling at least $42,804.80 through the date of this Motion. Deed Co has received no payments and no adequate protection from the Trustee or the Debtor regarding its carrying costs for the Property.

8.

Movant's interest in the Property is not adequately protected and the Property is not necessary for an effective reorganization, as this case is a Chapter 7.

**II.     MOVANT'S REQUEST FOR RELIEF FROM AUTOMATIC STAY**

9.

As a threshold matter, the Property itself is not property of the bankruptcy estate. Under Georgia law, when property is sold at a tax sale, the purchaser is vested with a defeasible fee interest in the property, while the prior record owner "loses his interest in the subject real property,

-3-

instead only retaining a right to redeem the property." *Georgia Lien Services, Inc. v. Barrett*, 272 Ga. App. 656, 658 (2005)(holding that after a tax sale, the record owner loses his interest in the subject real property and retains only a right to redeem); *see also National Tax Funding, L.P. v. Harpagon Company, LLC*, 277 Ga. 41, 43 (2003)(holding the same); *Land USA, LLC v. Georgia Power Co.*, 297 Ga. 237, 239 (2015)(holding the same). Because the Debtor held only a right of redemption — not an ownership interest in the Property — as of the Petition Date, the Property itself did not become property of the estate. *In re Drummer*, 457 B.R. 912, 916-17 (Bankr. N.D. Ga. 2011)(holding that following a tax sale, the debtor's interest in the property is limited to the right of redemption, which becomes property of the bankruptcy estate); *Callaway v. Harvest Assets, LLC*, Case No. 1:15-cv-00570-ODE (N.D. Ga. Oct. 30, 2015)(holding that title to tax sale property passed to the purchaser at the time of the tax sale and that the debtor retained only a right of redemption subject to the time limits of 11 U.S.C. § 108(b)); *Deed Co, LLC v. Jimerson*, Case No. 1:17-cv-513-WSD, 2018 WL 4926354, *3 (N.D. Ga. 2018)(holding that a tax sale purchaser is not a secured creditor of the debtor and that the debtor's interest in the property as of the petition date was limited to the personal right of redemption).

10.

Because the Debtor no longer held legal title to the Property as of the Petition Date, the Property did not become part of the bankruptcy estate under 11 U.S.C. § 541(a)(1). What became property of the estate was only the Debtor's personal right of redemption under O.C.G.A. § 48-4-40 — a right to acquire the Property by paying the statutory redemption price, not a present ownership interest in the Property itself. *In re Drummer*, 457 B.R. 912, 916-17 (Bankr. N.D. Ga. 2011); *Callaway v. Harvest Assets, LLC*, Case No. 1:15-cv-00570-ODE (N.D. Ga. Oct. 30, 2015); *Deed Co, LLC v. Jimerson*, Case No. 1:17-cv-513-WSD, 2018 WL 4926354, *3 (N.D. Ga. 2018).

11.

Deed Co is not a creditor of the Debtor. It holds title to the Property by virtue of the tax sale — not by virtue of any debt owed to it by the Debtor. Accordingly, Deed Co does not hold a "secured claim" subject to modification through any plan, and the Property is not subject to the Trustee's administration as estate property. *Deed Co, LLC v. Jimerson*, Case No. 1:17-cv-513-WSD, 2018 WL 4926354, *3-4 (N.D. Ga. 2018).

12.

Because the Property is not property of the estate, the automatic stay should not prevent Deed Co from exercising its statutory rights under Georgia law, including the right to initiate and complete barment proceedings under O.C.G.A. §§ 48-4-45 and 48-4-46. Deed Co is entitled to relief from the automatic stay on this basis.

   a. **In the Alternative, Cause Exists for Relief Under 11 U.S.C. § 362(d)(1) — No Adequate Protection**

13.

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, because, *inter alia*, Movant's interest in the Property is not adequately protected for the reasons stated herein, including the expiration of the Trustee's statutory redemption deadline, the Trustee's failure to make any payments or provide any adequate protection to Deed Co, and the significant and ongoing carrying costs Deed Co continues to incur with no end in sight.

14.

The right of redemption has not yet been extinguished because Deed Co has been unable to finalize barment. Under O.C.G.A. § 48-4-40(2), the right of redemption survives until it is formally foreclosed through the barment process under O.C.G.A. §§ 48-4-45 and 48-4-46. The twelve-month period in O.C.G.A. § 48-4-40(1) is the earliest point at which barment may begin

-5-

— it is not a self-executing expiration date. Deed Co became eligible to initiate barment on September 3, 2025, but was prevented from finalizing barment because the Trustee, on September 30, 2025, demanded that all barment efforts cease. Deed Co immediately complied and has been unable to proceed with barment since.

15.

In *Deed Co, LLC v. Jimerson*, Case No. 1:17-cv-513-WSD, 2018 WL 4926354 (N.D. Ga. 2018), and *Callaway v. Harvest Assets, LLC*, Case No. 1:15-cv-00570-ODE (N.D. Ga. Oct. 30, 2015), the courts held that the debtor's right of redemption expired under 11 U.S.C. § 108(b) notwithstanding the bankruptcy filing. In both of those cases, however, the tax deed purchaser had already served barment notices before the bankruptcy petition was filed, thereby establishing a fixed redemption deadline for § 108(b) to operate upon. Here, the factual posture is materially different: the Debtor filed bankruptcy only forty-five (45) days after the September 3, 2024 tax sale — nearly twelve months before Deed Co could even initiate barment under O.C.G.A. § 48-4-45. When the twelve-month threshold was finally reached in September 2025, Deed Co, unaware of Debtor's bankruptcy, immediately initiated barment proceedings — only to be ordered to cease by the Trustee counsel days later. As a result, no barment deadline has ever been established, and the right of redemption technically remains open under § 48-4-40(2).

16.

The Court should nonetheless grant relief from the automatic stay. In its current posture, the Debtor and the Trustee effectively hold a right of redemption with no expiration date — a result that Georgia law never contemplated and that is directly contrary to the purpose of the barment statutes. Outside of bankruptcy, Deed Co would be entitled to initiate barment after twelve months, fix a definite deadline, and obtain indefeasible title upon expiration of that deadline. O.C.G.A. §

48-4-45. The automatic stay has stripped Deed Co of that right entirely, while simultaneously leaving the estate's redemption right open-ended and indefinite, with no mechanism to ever bring it to a close absent court intervention.

17.

The policy consequences of permitting this result are severe and were expressly anticipated by the courts in *Deed Co, LLC v. Jimerson*, Case No. 1:17-cv-513-WSD, 2018 WL 4926354 (N.D. Ga. 2018), and *Callaway v. Harvest Assets, LLC*, Case No. 1:15-cv-00570-ODE (N.D. Ga. Oct. 30, 2015). As the District Court recognized in *Jimerson*: "[F]ailure to have a fixed date for exercising redemption rights brings with it the very serious danger that bidding at the sale itself, which should be arranged so as to yield the most attractive price, will be chilled; potential bidders may be discouraged if they cannot ascertain when, if ever, their interest will become finalized." *Jimerson*, 2018 WL 4926354, at *4 (internal quotes and citations omitted). The court further noted that a tax deed purchaser buys "with the knowledge that the [debtor] retains a one-year statutory right of redemption, he does not purchase with the knowledge that if the [debtor] files for bankruptcy, the redemption period under a Chapter 13 plan will be extended, thus further clouding the purchaser's title to the property." *Id*. Allowing a trustee to indefinitely forestall barment by invoking the automatic stay — never fixing a redemption deadline, never redeeming, and never permitting the tax deed purchaser to proceed — would chill participation at tax sales even more severely than the plan modification the *Jimerson* court rejected. The State of Georgia has a compelling interest in protecting the finality of tax sale purchasers' rights. *Id*. ("The state has a strong interest in preserving the statutorily defined property interest granted tax deed purchasers. Subjecting tax deed purchasers to potential alteration of their statutorily defined property rights ...

would necessarily curb investments in tax deeds and undermine the localities' ability to collect delinquent tax revenue"). Relief from stay is the appropriate remedy.

18.

Pursuant to O.C.G.A. § 48-4-45, the barment process requires written notice to all parties with an interest in the Property and publication in the official county organ for four consecutive weeks, with a redemption deadline no earlier than thirty days after service. This process gives the Trustee a full and fair opportunity to redeem the Property at the statutory price before the right of redemption is ever foreclosed, even after relief from stay is granted.

b. **Relief Is Also Warranted Under 11 U.S.C. § 362(d)(2) — Property Is Not Necessary for an Effective Reorganization**

19.

Movant is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Property is not necessary for an effective reorganization. This is a Chapter 7 liquidation case. There is no reorganization pending, no plan has been proposed, and no reorganization purpose is served by maintaining the stay as to the Property. The case was converted from Chapter 11 to Chapter 7 on the Trustee's own motion based on the Debtor's failure to comply with the requirements of Chapter 11.

**WHEREFORE**, Movant prays that:

1. That a hearing be set on the instant Motion;

2. That Deed Co, LLC be granted relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and/or 362(d)(2) as to the Property, and be permitted to re-initiate and complete barment proceedings under O.C.G.A. §§ 48-4-45 and 48-4-46 with respect to the Property located at 2564 Tucker Mill Road SW, Conyers, Rockdale County, Georgia 30094;

3. That Deed Co, LLC be permitted to send any notices, advertise, or take any other action in connection with the barment process and, upon completion of barment, the exercise of any and all other rights available to Deed Co as the tax deed holder under Georgia law;

4. That Deed Co, LLC be granted additional adequate protection of its interests in the Property in the event that this Court declines to lift or modify the automatic stay; and

5. That the provisions of Rule 4001(a)(3) requiring a fourteen (14) day stay after entry of an order granting relief from stay do not apply.

Respectfully submitted this 14th day of May, 2026.

**JAMES CARROLL LAW FIRM**
By: */s/ James F. F. Carroll*
James F. F. Carroll
Georgia Bar No. 940350
jcarroll@jcarrollfirm.com
Peter J. Batalon
Georgia Bar No. 339830
pbatalon@jcarrollfirm.com
980 Rowland Street
Ste 5140 #1051
Clarkston, GA 30021
*Attorneys for Movant*

**Exhibit A**

FILED IN OFFICE
CLERK SUPERIOR CT
ROCKDALE CO., GA.

2024 OCT 22  AM 7:42

Return to:
**Rockdale County Tax Commissioner**
**P.O. Box 1497; 1096 West Ave.**
**Conyers, GA  30012**

Doc ID: 009702760002 Type: GLR
Recorded: 10/22/2024 at 11:08:58 AM
Fee Amt: $25.00 Page 1 of 2
Transfer Tax: $0.00
Rockdale, Ga. Clerk Superior Court
Janice Morris Clerk of Superior and
BK **7881** PG **327-328**

## SHERIFF'S TAX DEED

### STATE OF GEORGIA, COUNTY OF ROCKDALE

THIS INDENTURE, made this day of **September 3, 2024** between Tisa Smart-Washington, Tax Commissioner, Ex-Officio Sheriff of said County, and **DEED CO LLC,** whose address is **4355 COBB PKWY, STE J-505, ATLANTA GA 30339.**

WHEREAS, Tisa Smart-Washington, Tax Commissioner, Ex-Officio Sheriff of said County, did issue a writ of fieri facias against (Defendant in Fifa) **WARREN UKAH AND ANEAKA UKAH** for state and county taxes for the year(s) **2023,** upon a tract of land lying in said county and hereinafter more fully described, the property levied upon as the property of (Current Record Holder) **WARREN UKAH AND ANEAKA UKAH** and after due and legal advertisement in **The Rockdale Citizen,** a newspaper published in Rockdale County in which Sheriff's advertisements are published, the said Levying Officer proceeded on the **3rd day of September 2024** the same being a day of sale, to offer the property for sale and **DEED CO LLC** being then and there the highest bidder at and for the sum of **$350,000.00 (THREE HUNDRED FIFTY THOUSAND DOLLARS AND ZERO CENTS),** the said property was then and there knocked off to **DEED CO LLC.**

NOW, Tisa Smart-Washington, Tax Commissioner, Ex-Officio Sheriff, in consideration of the sum of **$350,000.00  (THREE HUNDRED FIFTY THOUSAND DOLLARS AND ZERO CENTS),** cash to her in hand paid by **DEED CO LLC** at and before the sealing and delivery of these presents, the receipt thereof is hereby acknowledged, has granted, bargained, and sold and by these presents grant, bargain, and sell unto the said **DEED CO LLC,** its heirs and assigns (so far as the office of Levying Officer authorizes her to sell) the following described property, to wit:

**MAP & PARCEL # 030001004S**

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 174 AND 179, 11TH DISTRICT, ROCKDALE COUNTY, GEORGIA, LOCATED AT 2564 TUCKER MILL ROAD, SW, CONYERS, GEORGIA, AND IS A PORTION OF THAT PROPERTY THAT WAS CONVEYED IN A DEED OF RECORD IN DEED BOOK 6192, PAGE 149, ROCKDALE COUNTY, GEORGIA PUBLIC RECORDS.  SAID PROPERTY IS SUBJECT TO ANY AND ALL EASEMENTS, RESTRICTIONS, COVENANTS, LIENS OR ENCUMBRANCES OF PUBLIC RECORD, AS WELL AS ANY SUCH MATTERS WHICH GRANTEE HAS KNOWLEDGE.**

TO HAVE AND TO HOLD the said premises, unto the said **DEED CO LLC,** its heirs and assigns, in as full and ample a manner as the same was held and possessed by the said **WARREN UKAH AND ANEAKA UKAH** when the property was levied upon and sold.

IN WITNESS WHERE OF, THE SAID Tisa Smart-Washington, Tax Commissioner, Ex-Officio Sheriff of Rockdale County, Georgia, has hereunto set her hand and affixed her seal to the day and year first above written.

Tisa Smart-Washington
ex-Officio Sheriff, Rockdale County, Georgia

Signed, sealed and delivered in the presence of:

Witness

Notary Public, Rockdale Co., GA
My Commission Expires  4-9-27

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ANEAKA UKAH, | CASE NO: 24-61070-BEM |
| Debtor. | |
| DEED CO, LLC | |
| Movant, | |
| v. | CONTESTED MATTER |
| ANEAKA UKAH, | |
| Respondent. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and foregoing **DEED CO, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAYAS TO REAL PROPERTY AND WAIVER OF THE 30-DAY REQUIREMENT OF 11 U.S.C. § 362(E) OF THE UNITED STATES BANKRUPTCY CODE AND WAIVER OF RULE 4001(a)(4)** upon all parties of recording, including the following, by ECF:

Michael D. Robl / Maxwell William Bowen
Robl & Bowen LLC
3754 LaVista Road, Suite 250
Tucker, Georgia 30084
Counsel for Debtor

Michael J. Bargar / William Dale Matthews
Rountree Leitman Klein & Geer, LLC
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
Chapter 7 Trustee

Alan Hinderleider
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

I further certify that on this day I caused a copy of this document to be served via United States Mail with adequate postage thereon and properly addressed to the following:

Aneaka Ukah
2564 Tucker Mill Road
Conyers, Georgia 30094

This 14th day of May, 2026.

/s/ James F. F. Carroll
James F. F. Carroll

-11-

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ANEAKA UKAH, | CASE NO: 24-61070-BEM |
| Debtor. | |
| DEED CO, LLC | |
| Movant, | |
| v. | CONTESTED MATTER |
| ANEAKA UKAH, | |
| Respondent. | |

<u>**NOTICE OF HEARING ON DEED CO, LLC'S MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY AS TO REAL PROPERTY AND WAIVER OF THE 30-DAY**
**REQUIREMENT OF 11 U.S.C. § 362(E) OF THE UNITED STATES BANKRUPTCY**
**CODE**</u>

**PLEASE TAKE NOTIC**E that Deed Co, LLC has filed a Motion for Relief from the Automatic Stay as to Real Property and Waiver of the 30-Day Requirement of 11 U.S.C. § 362(e) of the United States Bankruptcy Code ("Motion for Relief from Stay") and related papers with the Court seeking an Order Granting its Motion for Relief from Stay.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial hearing for announcements on the Motion for Relief from Stay at **10:15 a.m. on June 17, 2026**, at Courtroom 1402, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta,

Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion for Relief from Stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Respectfully submitted this 14th day of May, 2026.

**JAMES CARROLL LAW FIRM**
By: */s/ James F. F. Carroll*
James F. F. Carroll
Georgia Bar No. 940350
jcarroll@jcarrollfirm.com
Peter J. Batalon
Georgia Bar No. 339830
pbatalon@jcarrollfirm.com
980 Rowland Street
Ste 5140 #1051
Clarkston, GA 30021
*Attorneys for Movant*