**IT IS ORDERED as set forth below:**

**Date: June 22, 2026**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

ANEAKA UKAH,

     Debtor.

CASE NO. 24-61070-BEM

CHAPTER 11

## ORDER AUTHORIZING AND DIRECTING MEDIATION

Debtor and the Shepherds Investors have requested that they be authorized to participate in mediation with regard to the issues in this case. [Doc. 159]. It appears that the most productive form of mediation is to designate an active or recall status bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Mary Grace Diehl is qualified and suitable to serve in that capacity.

For good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this proceeding shall mediate the issues and disputes presented in these proceedings. Bankruptcy Judge Diehl is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the parties

and Judge Diehl.

2.  Because Judge Diehl will be serving as the neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Diehl in connection with the mediation proceedings.  The parties and their attorneys may, therefore, have *ex parte* communications with Judge Diehl in her capacity as the neutral mediator in connection with the mediation proceedings.

3.  All communications made by the parties or their attorneys to each other or to Judge Diehl in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Diehl's notes or records, shall be confidential and shall not be admissible as evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation).  The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction.  No record will be made of the mediation proceedings.  Judge Diehl is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

4.  Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16(c)(2)(I), applies to all matters that are the subject of this Order. Fed. R. Bankr. P. 9014(c). The appointment of the Judge Diehl as a settlement judge is an assignment of the subject matters by the assigned judge to Judge Diehl solely for the purpose of convening "pretrial conferences" with a goal to reach a settlement. Judge Diehl is appointed because of her judicial position as an active or recall status United States Bankruptcy Judge and acts in such capacity. By serving as a settlement judge, Judge Diehl performs judicial duties. Accordingly, Judge Diehl and all judiciary employees assisting Judge Diehl have full, unqualified judicial

2

immunity, as well as all other privileges, immunities, and protections accorded to a United States Bankruptcy Judge and to judiciary employees, regarding any matters arising from or related to the Judge Diehl's role as settlement judge.

5.      By participating in the settlement process, all parties automatically:

a)      waive and are unable to assert against Judge Diehl or any judiciary employees assisting with the settlement process any claims or causes of action that arise from or relate to the settlement process; and

b)      waive and are unable to seek to compel from Judge Diehl or from any judiciary employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by Judge Diehl or any judiciary employees while serving in such capacity), or other participation whatsoever in any judicial, arbitral, or other proceeding of any kind.

Judge Diehl may, in Judge Diehl's sole discretion, require that the parties sign an agreement memorializing the above understandings, among other provisions, before agreeing to serve as a settlement judge.

Counsel for Debtor shall serve a copy of this Order on all parties on the attached distribution list and shall file a certificate of such service.

**END OF ORDER**

**<u>Distribution List</u>**

Aneaka Ukah
2564 Tucker Mill Rd
Conyers, GA 30094

Maxwell William Bowen
Robl & Bowen LLC
Suite 250
3754 Lavista Road
Tucker, GA 30084

Michael D. Robl
Robl & Bowen LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Michael J. Bargar
Rountree Leitman Klein & Geer LLC
Century Plaza
2987 Clairmont Road, Suite 350

Gregory D. Ellis
Lamberth, Cifelli, Ellis & Nason
Ste 290
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328